UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES WILLIAM LANDRUM                    CIVIL ACTION NO.

VERSUS                                      19-668-BAJ-EWD

JEFF LANDRY

### ORDER

Pending before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Charles Landrum ("Petitioner").[1] Jeff Landry ("Respondent") submitted an Answer to Petition for Writ of Habeas Corpus, contending Petitioner's claims are time-barred.[2] Documents submitted along with the Petition raise questions about Petitioner's current custodial status and the timeliness of the petition.

Petitioner indicates in his Petition that he is not currently incarcerated.[3] He also attaches a Decision Form from the Louisiana Board of Pardons, Committee on Parole, that indicates Petitioner was granted parole on or about October 29, 2018.[4] However, it is not clear from this document that Petitioner's parole was effectuated, nor is it clear whether by September 30, 2019 when the Petition was filed, Petitioner was still subject to any restrictions. "For a court to have habeas jurisdiction…the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge."[5] Parole restrictions can satisfy the "in custody" requirement.[6]

---

[1] R. Docs. 1, 3.
[2] R. Docs. 7, 8.
[3] R. Doc. 3, p. 1.
[4] R. Doc. 1, p. 8.
[5] *Zolicoffer v. United States*, 315 F.3d 538, 540 (5th Cir. 2003), citing *Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000).
[6] *Mitchell v. Davis*, No. 19-1317, 2019 WL 3021143, at *2 (N.D. Tex. June 6, 2019), citing 28 U.S.C. §§ 2241(c)(3) … *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)("While petitioner's parole released him from immediate physical

Petitioner also submitted documents with his Petition indicating that he sent a letter to this Court on April 24, 2019, listing his state court docket numbers and asking for an extension of time to file his "federal appeal."[7] The Clerk of this Court returned the letter to Petitioner as "submitted to the wrong court."[8] Petitioner also submitted documents that indicate that he then filed a petition with the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") on May 20, 2019.[9] Petitioner then submitted the current Petition to this Court, which was marked "received" on September 30, 2019.[10] The Petition indicates that, because the petition filed with the Fifth Circuit was not returned, Petitioner believed he had filed it correctly. When he got home in approximately August 2019, Petitioner called and found out the petition had been filed in the wrong court, although he argues that it was timely when filed with the Fifth Circuit.[11]

Accordingly,

**IT IS ORDERED,** that by no later than **July 15, 2022, Respondent Jeff Landry** is to submit a brief to the Court addressing the following:

a) Petitioner's custodial and parole status, along with any supporting documentation;

b) whether the Petition was timely filed considering the attachments referenced above, specifically addressing *United States v. McNeill,* 523 Fed.Appx. 979, 982–84 (4th Cir. 2013) and the implications of 28 U.S.C. § 1631 on calculating the time limitations; and

---

imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in [ ] 'custody' ... within the meaning of the habeas corpus statute."); *see also Coronado v. U.S. Bd. of Parole*, 540 F.2d 216, 217 (5th Cir. 1976) ("[f]ederal courts have held that the conditions of parole and probation sufficiently restrain the individual to constitute the 'custody' which is a condition of seeking habeas relief under 28 U.S.C. § 2241 and of attacking a sentence under 28 U.S.C. § 2255.")(citations omitted).

[7] R. Docs. 1, pp. 4-5.

[8] R. Doc. 1, pp. 3.

[9] R. Doc. 1, pp. 9-31. Though the document is captioned "In the United States Court of Appeals, 5th Circuit, State of Louisiana," it was marked "received" by the United States Court of Appeals for the Fifth Circuit on May 20, 2019. R. Doc. 1, p. 9.

[10] R. Doc. 1, p. 1.

[11] R. Doc. 1, pp. 1 and 4. By Respondent's calculations, the habeas petition filed at the Fifth Circuit may have been timely, although it was filed in the incorrect court. R. Doc. 8, p. 7 (calculating the latest time period to file as August 23, 2019).

2

c) the merits of the Petitioner's claims.

**IT IS FURTHER ORDERED,** that by no later than **July 15, 2022, Petitioner Charles Landrum** is to submit a brief to the Court addressing the following:

a) his custodial and parole status (*i.e.*, is Petitioner currently on parole, and is he subject to any restrictions because of parole?), along with any supporting documentation available to him;

b) any additional information on why he filed his habeas petition with the United States Fifth Circuit Court of Appeal that was received by the Fifth Circuit on May 20, 2019 (R. Doc. 1, pp. 9-31), and why he did not file his habeas petition with the Middle District of Louisiana until September 30, 2019.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit a copy of this Order to Petitioner Charles W. Landrum via certified mail, return receipt requested and via regular mail at the address listed on the Court's CM/ECF system.

Signed in Baton Rouge, Louisiana, on June 23, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**